ANDERSON R. DASILVA,

Plaintiff,

v.                                    Case No. 19-C-825

KYLE DEMERS, et al.,

Defendants.

## ORDER

Plaintiff Anderson DaSilva, who is currently incarcerated at Columbia Correctional Institution (CCI) and proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that officers at CCI violated his civil rights. Defendants filed a motion for summary judgment on September 1, 2020. On October 8, 2020, the court granted Plaintiff's motion for an extension of time until November 7, 2020, to respond to Defendants' motion. This matter comes before the court on Plaintiff's motion for a telephone hearing. Dkt. No. 48. Plaintiff asserts that a hearing is necessary because he has been unable to review a complete video of the incident relevant to his claims and Defendants have not produced certain documents he has requested. Because the court concludes a conference is not necessary to resolve the matter, Plaintiff's motion will be denied.

Plaintiff requests that Defendants produce photographs of his injuries, use of force policies and procedures related to use of force and use of tear gas and chemical agents, and a list of all cases and contact information for inmates that have sued the Wisconsin prison system for excessive force in the past five years. Plaintiff previously filed a motion to compel those documents and for sanctions on August 26, 2020. Dkt. No. 30. The court denied the motion as moot on October 8, 2020. Dkt. No. 47. The court concludes that Defendants have provided

Plaintiff with all responsive documents relevant to the case, including the photographs of Plaintiff's injuries. Defendants have also instructed Plaintiff how to view the policies and procedures in question. In addition, Plaintiff's request for a list of the cases and contact information for inmates that have sued the Wisconsin prison system for excessive force in the past five years is overly broad and unduly burdensome. Therefore, the court will not compel Defendants to produce such information.

Plaintiff also asserts that he has not been able to view video footage relevant to the claims in his case. Defendants acknowledge that Plaintiff has had difficulties viewing the preserved video footage of the incident. Defendants' counsel has inquired with institution staff members about Plaintiff's ability to view the video but has been unable to confirm whether the video footage is viewable and contains audio. Rather than schedule a telephone conference to resolve the matter, counsel for Defendants is directed to take steps to verify that Plaintiff is able to view the video in question and notify the court once that has occurred. Plaintiff's deadline to respond to Defendants' motion for summary judgment is extended to 30 days after counsel has confirmed that Plaintiff has been able to view the video.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a telephone hearing (Dkt. No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's deadline to respond to Defendants' motion for summary judgment is due 30 days after Defendants' counsel has notified the court that Plaintiff has been able to view the video footage of the incident.

Dated at Green Bay, Wisconsin this 17th day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2